IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.   NO. 3:19-CR-11-7

GEORGE CLINTRAVEOUS MOORE

**ORDER**

George Clintraveous Moore seeks the early termination of his three-year supervised released period. Because this Court concludes that Moore's mere compliance with the conditions of his supervised release does not warrant the early cessation of supervision, Moore's request for early termination will be denied.

**I
Procedural History**

On February 28, 2019, George Clintraveous Moore and thirteen other individuals were named in a seventeen-count indictment charging various drug trafficking crimes. Doc. #1. Referenced only in Counts One and Seven, Moore was charged with, respectively, conspiracy to distribute and possess with intent to distribute methamphetamine and with distributing methamphetamine. *Id.* at PageID 1–2, 4. Following his arrest on the indictment, Moore was released from custody under a $5,000 secured bond posted on March 29, 2019, with numerous conditions of release. Docs. #57, #60.

On March 4, 2020, Moore pled guilty to Count Seven pursuant to a plea agreement with the government, Doc. #177; and was allowed to remain out of custody under the same bond pending his sentencing. Approximately two and a half months later, a petition was filed to revoke Moore's bond alleging violations of certain conditions of release based on his June 6, 2020, arrest for felony possession of a controlled substance, his unlawful possession of a controlled substance,

his excessive use of alcohol, and his failure to report the arrest to his probation officer. Doc. #275. At the revocation hearing after his arrest on the petition, Moore admitted all the violations and the Court revoked his bond accordingly on September 9, 2020. Doc. #427. On October 7, 2020, the Court sentenced Moore to fifteen months imprisonment and three years supervised release on Count Seven, and dismissed Count One on the government's motion. Doc. #443 at 1–3.

On March 14, 2023, Moore filed a pro se motion requesting the early termination of his supervised release period.[1] Doc. #703. Moore filed a second pro se motion[2] on July 7, 2023, requesting the same relief.[3] Doc. #709. The government did not respond to either motion.

## II
## Discussion

18 U.S.C. § 3583(e), which governs the modification of supervised release, provides in relevant part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

Beyond requiring the consideration of specific § 3553 factors,[4] district courts enjoy considerable

---

[1] Moore incorrectly references his supervised release term as "probation." Doc. #703.

[2] Because Moore was sentenced and judgment entered nearly three years ago, the Court presumes Moore is no longer represented by the appointed attorney who represented him through sentencing. Otherwise, Moore's pro se motions are an attempt at hybrid representation and, alternatively, are denied as such.

[3] Moore's second motion, the substance of which is virtually identical to the first, also incorrectly references his supervised release term as "probation." Doc. #709.

[4] These factors are:

> the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, for public protection from further crimes of the defendant, and for educational or vocational training, medical care, or other correctional treatment for the defendant; the guidelines range; the Sentencing Commission's policy statements; the need to avoid unwarranted sentencing

discretion in determining when the interest of justice warrants early termination. *See United States v. Tacker*, 672 F. App'x. 470, 471 (5th Cir. 2017) (district court had "broad discretion" to deny early termination of supervised release); *see also United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citation omitted) (§ 3583(e)(1)'s inclusion of "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make[s] clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination."). In practice, numerous courts have concluded that "early termination is reserved for rare cases of exceptionally good behavior" or other instances of "changed circumstances," *United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.D.C. 2013) (collecting cases), such as undue hardship, *Emmett*, 749 F.3d at 819–20. Findings that a defendant has "demonstrated neither a change in circumstances nor exceptionally good behavior are best interpreted as relevant to a determination … that early termination would not serve the interest of justice." *United States v. Sung Ho Kim*, 745 F. App'x 694, 695 (9th Cir. 2018).

In both his pro se motions, Moore submits that early termination of his supervised release period is warranted because he "has successfully fulfilled every requirement of [supervised release] without incident," "has an exemplary record and no prior convictions," "continues to live with and support his family," and has "served more than one-half of the [supervised release] term." Doc. #703 at PageID 3173–74; Doc. #709 at PageID 3210–11.

"[M]ere compliance with the terms of supervised release is expected, and without more,

---

disparities; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7); *see United States v. Cano*, 981 F.3d 422, 425 n.7 (5th Cir. 2020) (directing district court to consider such factors).

insufficient to justify early termination."[5]  *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018).  Rather, it is this Court's position that to justify early termination, "a defendant's exceptionally good behavior [must] make[] the previously imposed term of supervised release either too harsh or inappropriately tailored to serve general punishment goals."  *Id*. (internal quotation marks omitted).  Such occurs when a defendant goes *beyond* the terms of his supervised release to "turn[] himself around," such as by disassociating "himself from destructive influences and peers."  *United States v. King*, 551 F. Supp. 2d 1298, 1300 (D. Utah 2008).

While Moore has served more than one year of his supervised release term,[6] the specific grounds for relief on which he relies—compliance with supervised release conditions, an appropriate residence, and a seemingly stable environment—are all standard conditions of his supervision.  *See, e.g.*, Doc. #443 at 4 ("You must work full time," "must live at a place approved by the probation officer," and "must not communicate or interact with someone you know is engaged in criminal activity").  And to the extent Moore's assertion that he has "no prior convictions" is presumably a reference to his status *before* his felony conviction in this case, he is incorrect.[7]  The Court further considers Moore's apparent disregard of his admitted misconduct leading to the revocation of his bond,[8] which misconduct occurred after his conviction in this case for distributing methamphetamine and while he was awaiting sentencing for such crime, as well

---

[5] *See United States v. Kassim*, No. 15 Cr. 554-3, 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) ("if every defendant who complied with the terms of supervised release were entitled to early termination, 'the exception would swallow the rule.'") (quoting *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

[6] According to the Probation Office, Moore's term of supervised release commenced September 15, 2021.  The Court understands that the Probation Office does not oppose the early termination of Moore's supervised release term; however, this Court's decision on the matter is ultimately dispositive.

[7] Moore fails to acknowledge his prior 2018 conviction referenced in the presentence report.  *See* Doc. #440 at 8.

[8] Among other misconduct, during a safety checkpoint stop, officers noted a strong odor of alcohol from Moore and a search of Moore's vehicle revealed a bag under the seat containing pills believed to be ecstasy.  Doc. #275 at PageID 679.

as the factual circumstances underlying his conviction.[9] Given all this, having offered nothing beyond his mere compliance with his supervised release terms, Moore has not shown exceptionally good behavior or a change in circumstances which would establish that his current term of supervised release is too harsh or inappropriately tailored to serve general punishment goals. Accordingly, his pro se motions for early termination will be denied.

### III
### Conclusion

Moore's pro se motions for early termination of his supervised release period [703][709] are **DENIED**.

**SO ORDERED**, this 12th day of July, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[9] *See* Doc. #440 at 6.